UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN MASSEY                                                       CIVIL ACTION

VERSUS                                                             NO. 14-2952

N. BURL CAIN                                                       SECTION "R" (3)

## ORDER

The Court has reviewed *de novo* the petition for *habeas corpus*, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections to the Magistrate Judge's Report and Recommendation. The Magistrate Judge's recommended ruling is correct and there is no merit to petitioner's objections.[1] Accordingly, the

---

[1] In his objections, the petitioner reasserts verbatim his original claim that, "The Trial Court erred in denying petitioner's claim of Denial of Ineffective Assistance of Counsel without granting an evidentiary hearing . . . ." R. Doc. 16 at 1. To the extent this refers to the state proceedings, it merely rehashes the arguments made before the Magistrate Judge. If it refers to the Magistrate Judge's determination not to hold an evidentiary hearing, the objection lacks merit. "Under *Cullen v. Pinholster*, a federal court in a § 2254 proceeding is not permitted to consider evidence that was not presented to the state court if it is determined on the basis of the state court record that the state court's decision was not contrary to and did not involve 'an unreasonable application of[ ] clearly established Federal law,' and was not 'based on an unreasonable determination of the facts.'" *Allen v. Vannoy*, No. 14-70009, 2016 WL 4254375, at *14 (5th Cir. Aug. 11, 2016) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).

Court adopts the Magistrate Judge's Report and Recommendation as its opinion herein.

Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rules Governing Section 2254 Proceedings, Rule 11(a).  A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).  In *Miller–El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  *Id.* at 336.  Petitioner has failed to meet these standards.

IT IS ORDERED that plaintiff's petition for *habeas corpus* is DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __26th__ day of September, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE